BILL HART AUTO SALES, INC., Appellant,

v.

COMERICA BANK–TEXAS, Appellee.

No. 11–94–098–CV.

Court of Appeals of Texas, Eastland.

Feb. 9, 1995.

---

Gary L. McConnell, Angleton, for appellant.

Robert E. Wood, Williford & Wood LLP, Dallas, for appellee.

Before ARNOT, C.J., and DICKENSON and McCLOUD *, JJ.

DICKENSON, Justice.

Bill Hart Auto Sales, Inc. maintained a checking account with Comerica Bank–Texas. Hart Auto sued the Bank for $37,575 plus interest and attorney's fees after the Bank charged its account for two checks which had been deposited in the account and which were returned without payment. Hart Auto and the Bank signed a Joint Stipulation of Uncontested Facts, and both parties moved for summary judgment. The trial court overruled Hart Auto's motion and rendered judgment that Hart Auto take nothing by its suit. We affirm.[1]

### Points of Error

Hart Auto presents two points of error, arguing that the trial court erred: (Point One) in granting the Bank's motion for summary judgment and (Point Two) in failing to grant its motion for summary judgment. Both points are overruled.

### Joint Stipulation of Uncontested Facts

The attorneys of record for both parties[2] signed and filed a joint stipulation of uncontested facts with ten exhibits which were attached as true copies of the relevant documents. Relevant portions are quoted in part as shown:

1. In November 1990, Plaintiff was a customer of Defendant and owner of checking account No. 2509008.

3. In November 1990, Duke McLellan doing business as Motorcars USA was a customer of Defendant and owner of checking account No. 750014078.

4. On or about November 8, 1990, McLellan presented for deposit to Defendant two checks ... in the amounts of $4,600.00 and $32,975.00.

5. The two checks ... were presented for deposit accompanied by a deposit slip created for and encoded for Plaintiff's account.

8. When Plaintiff learned of the erroneous deposit, it contacted Defendant and authorized the transfer [of the erroneous deposit].

9. On or about November 13, 1990, payment was stopped [on the two checks] and they were returned on November 16, 1990 to Defendant by the drawee bank, First City, Texas—Madisonville, N.A.

10. On or about November 19, 1990, Defendant charged back to Plaintiff's account No. 2509008 the sum of the two returned checks, $37,575.00 and notified Plaintiff.

11. Litigation was commenced by the drawee bank in the 12th Judicial District Court of Madison County, Texas.

---

* McCloud, Chief Justice, Retired, Court of Appeals, Eastland, sitting by assignment pursuant to TEX.GOV'T CODE ANN. § 74.003(b) (Vernon 1988).

1. This appeal was transferred from the Dallas Court of Appeals to this court. See TEX.GOV'T CODE ANN. § 73.001 (Vernon 1988).

2. Bill Hart Auto Sales, Inc. signed as "Plaintiff," and Comerica Bank–Texas signed as "Defendant."

12. The litigation involved as parties [Comerica Bank–Texas] Defendant ... and Bill Hart Auto Sales, Inc. [Intervenor].

15. In March of 1992, all parties to the Madison County Action [including both parties to the present appeal] entered into a Settlement Agreement.

17. By terms of an Agreed Motion to Distribute Funds on Deposit in the Registry of the Court ... Plaintiff [Bill Hart Auto Sales, Inc.] recovered from the registry of the Court the sum of $37,575.00.

18. An Order Dismissing Actions was entered in the Madison County Action on April 9, 1992.[3]

### Grounds Supporting Summary Judgment

The Bank moved for summary judgment asserting "four basic theories" why Hart Auto should take nothing by its lawsuit. The Bank summarized those theories in its motion as:

1. Plaintiff settled whatever cause of action it might have had against Defendant in the settlement and dismissal of the Madison County suit;

2. Plaintiff has sustained no injury since it received the proceeds of the settlement;

3. The judgment concluding prior litigation is res judicata of Plaintiff's claim; [and]

4. Defendant's charge-back to Plaintiff's account was proper; Plaintiff voluntarily assumed the risk of uncollected funds in its account.

■ The trial court's order which was signed on February 18, 1994, grants the Bank's motion for summary judgment that Hart Auto take nothing, but it does not state the ground or grounds upon which the trial court relied. The controlling rule of appellate review is stated by the *Supreme Court in Carr v. Brasher*, 776 S.W.2d 567 at 569 (Tex.1989):

When a trial court's order granting summary judgment does not specify the ground or grounds relied on for its ruling, summary judgment will be affirmed on appeal if any of the theories advanced are meritorious.

### Settlement of Prior Lawsuit

■ The Settlement Agreement of the Madison County lawsuit identifies Comerica Bank of Texas as "Co–Defendant"; it also shows that it was signed and acknowledged by Bill Hart on March 18, 1992, for himself individually, as President of Bill Hart Auto Sales, Inc., and as assignees of Duke McLelland and Motorcars, U.S.A., all of whom were referred to as "Intervenors." Paragraph 4 of that agreement specifically provides:

In consideration of the mutual promises herein contained ... Intervenors do hereby release, acquit, and forever discharge Co–Defendant ... from any and all causes of action that each party has or may have against the other arising from the transactions or occurrences described in the above-numbered and entitled cause.

The same two checks involved in the appeal before us were involved in the Madison County lawsuit, and Hart Auto settled and released its claims on those two checks when it received payment of the $37,575, which is the total amount it was entitled to receive from those two checks.

### No Damages

■ Checks totaling $37,575 were erroneously deposited to Hart Auto's account. Hart Auto then authorized the transfer of those funds to the proper account. Then the Madisonville bank returned the checks. At this point, Hart Auto had damages of $37,-575; however, when the Madisonville bank filed its interpleader lawsuit and tendered the funds into the registry of the court, Hart Auto intervened and received payment of those funds. At this point, they had received

3. This order specifically provides that:

[T]he claims and causes of action asserted in the above-numbered and entitled cause by Plaintiff, Defendant, Co–Defendant [Comerica Bank of Texas], and Intervenors [Bill Hart, Individually, and Bill Hart Auto Sales, Inc.] be and the same are hereby dismissed with prejudice to the filing of the same or any part thereof [except for the claim by P.M. Standley Corporation against Duke McLelland d/b/a Motorcars U.S.A. which was dismissed without prejudice].

the $37,575 to which they were entitled. Even though Hart Auto may have other losses from its dealings with Duke McLelland and Motorcars, U.S.A., it does not have any other losses from its dealings with Comerica Bank–Texas.

### Res Judicata

■ Hart Auto settled its claims in the Madison County lawsuit, and the dismissal of that lawsuit with prejudice bars any claim which Hart Auto might have had against Comerica Bank–Texas. See and compare *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627 at 631 (Tex.1992).

### Proper Charge–Back

■ The charge-back was proper under TEX.BUS. & COM.CODE ANN. § 4.212 (Vernon 1994). See Section 4.212(a) which provides that:

> If a collecting bank has made provisional settlement with its customer for an item and itself fails ... to receive a settlement for the item ..., the bank may revoke the settlement given by it [and] charge back the amount of any credit given for the item to its customer's account.

See also Section 4.212(d) which provides that:

> The right to charge-back is not affected by (1) prior use of the credit given for the item; or (2) failure by any [other] bank to exercise ordinary care with respect to the item but any bank so failing remains liable.

When Hart Auto authorized the transfer of the funds from its account, that authorization did not affect the Bank's right to charge-back the account for the provisional credit when the Bank failed to receive a settlement for the item from the drawee bank.

### This Court's Ruling

The trial court was correct in granting the Bank's motion for summary judgment on the basis of all of the four grounds urged in the Bank's motion for summary judgment.

The judgment of the trial court is affirmed.